## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| MARYAM KHAN WAZIR, | ) )  ) |
| Plaintiff, | ) ) ) |
| v. | ) Civil Case No. 25-4278 (RJL) ) |
| ROBERT P. SANDERS, Consul General, U.S. Consulate General in Montreal, *et. al.*, | ) ) ) ) |
| Defendants. | ) ) ) |

### MEMORANDUM OPINION
(July ⁀9⁀ 2026) [Dkt. #4]

Plaintiff Maryam Khan Wazir ("plaintiff" or "Wazir") is a U.S. citizen currently residing in Canada. *See* Pet. for Writ of Mandamus & Compl. for Inj. Relief ("Compl.") [Dkt. # 1] ¶ 10. Wazir filed a Form I-130, Petition for Alien Relative, with the United States Citizenship and Immigration Services ("USCIS") on behalf of her husband, Muhammad Waleed Usman ("Usman"). *Id.* ¶ 2. A U.S. consular officer in Montreal, Canada refused Usman's application pursuant to Section 221(g) of the Immigration and Nationality Act ("INA") and placed it under "administrative processing." *Id.* ¶¶ 20–23.

Plaintiff claims that Robert Sanders, Consul General of the U.S. Consulate General in Montreal, Marybeth Turner, the Deputy Chief of Mission at the U.S. Embassy in Canada, and Marco Rubio, Secretary of the U.S. Department of State ("defendants" or "the Government") have unreasonably delayed adjudicating her husband's visa application. *Id.*

1

¶¶ 37, 44. She seeks an order mandating an adjudication "as soon as reasonably possible." *Id.* ¶ 46. Defendants now move to dismiss plaintiff's complaint under Federal Rule of Civil Procedure 12(b)(6). *See* Mot. to Dismiss ("Gov't's Mot.") [Dkt. #4]. Upon consideration of the parties' briefs and the pertinent legal authorities, I will **GRANT** defendants' motion for the reasons set forth below.

## BACKGROUND

On October 31, 2022, Wazir filed a Form I-130, Petition for Alien Relative, with USCIS on behalf of Usman. Compl. ¶ 2. Usman, a Pakistani citizen, currently resides in Canada with Wazir. Compl. ¶ 9; Ex. 3 to Compl. [Dkt.# 1-3] at 3. USCIS approved Wazir's visa petition for Usman on September 21, 2023. Compl. ¶ 18.

On December 9, 2024, Usman attended his consular interview at the U.S. Consulate General in Montreal, Canada. *Id.* ¶ 20. Following the interview, the U.S. Consulate General informed Usman that his application "was refused under section 221(g)[1] of the Immigration and Nationality Act … and is currently under administrative processing." *Id.* ¶ 23; Ex. 5 to Compl. [Dkt. #1-5] at 3. Over the next several months, Usman inquired about the status of his application, and the U.S. Consulate General advised him that administrative processing remains ongoing. Compl. ¶¶ 25–33. Wazir claims that the delay

---

[1] Following the reordering of the INA, Section 221(g) is now properly cited as 8 U.S.C. § 1201(g). This section states, in relevant part: "No visa or other documentation shall be issued to an alien if (1) it appears to the consular officer, from statements in the application, or in the papers submitted therewith, that such alien is ineligible to receive a visa or such other documentation under section 1182 of this title, or any other provision of law, (2) the application fails to comply with the provisions of this chapter, or the regulations issued thereunder, or (3) the consular officer knows or has reason to believe that such alien is ineligible to receive a visa or such other documentation under section 1182 of this title, or any other provision of law." 8 U.S.C. § 1201(g).

in adjudicating Usman's visa has led to personal and financial hardships for both her and her husband. *Id.* ¶¶ 8–9; *see also* Pl.'s Notice of Suppl. Authority [Dkt. #9] at 2–4.

On December 9, 2025, plaintiff filed a Petition for Writ of Mandamus and Complaint for Injunctive Relief against the Government. *See* Compl. Plaintiff seeks both injunctive relief for unreasonable agency delay under Section 706(1) of the Administrative Procedure Act ("APA"), *id.* ¶¶ 34–38, and a writ of mandamus, *id.* ¶¶ 39–45. Plaintiff requests that the Court issue an order compelling the defendants to process Usman's visa application "as soon as reasonably possible." *Id.* ¶ 46.

On February 9, 2026, the Government moved to dismiss plaintiff's complaint under Federal Rule of Civil Procedure 12(b)(6).[2] *See* Gov't's Mot. Plaintiff filed a brief in opposition, *see* Pl.'s Mem. in Opp'n to Defs.' Mot. to Dismiss ("Pl.'s Opp'n") [Dkt. #6], and the Government filed a reply brief, *see* Reply Br. ("Gov't's Reply") [Dkt. #8]. The motion is now ripe for decision.

## LEGAL STANDARD

To survive a motion to dismiss under Rule 12(b)(6), a complaint must "state a claim upon which relief can be granted." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 552 (2007). Although "detailed factual allegations" are not necessary to withstand a Rule 12(b)(6) motion, *id.* at 555, "a complaint must contain sufficient factual matter, [if] accepted as true,

---

[2] The Government initially moved for dismissal under both Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). *See* Gov't's Mot. at 1. However, the Government's briefing articulates only the legal standard applicable to Rule 12(b)(6), and its reply does not address Rule 12(b)(1) or provide any argument specific to that ground. *See* Gov't's Reply. Accordingly, the Court need not address dismissal under Rule 12(b)(1) and will resolve the motion under Rule 12(b)(6).

to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). Though a plaintiff may survive a Rule 12(b)(6) motion even if "recovery is very remote and unlikely," the facts alleged in the complaint "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555–56. A court need not accept as true legal conclusions set forth in a complaint. *See Iqbal*, 556 U.S. at 678.

## ANALYSIS

### I.    APA and Mandamus Claims

"[T]he standards for obtaining relief" through the APA and Mandamus Act in this context are "essentially the same." *Viet. Veterans of Am. v. Shinseki*, 599 F.3d 654, 659 n.6 (D.C. Cir. 2010) (citation omitted). Accordingly, when a plaintiff seeks to compel delayed agency action under both statutes, "those claims merge." *Al-Gharawy v. U.S. Dep't of Homeland Sec.*, 617 F. Supp. 3d. 1, 17 (D.D.C. 2022). Under this fused analysis, a plaintiff "must allege that an agency has a clear non-discretionary duty to take a specific action and that the agency failed to take that action." *Sharifishourabi v. Blinken*, 2024 WL 3566226, at *5 (D.D.C. July 29, 2024).

### II.    Absence of a Clear Nondiscretionary Duty

With those standards in mind, I turn to the statutory and regulatory framework governing immigrant visas to assess whether such a clear, nondiscretionary duty exists in

this case.[3] Under the INA, U.S. citizens may petition for immigrant visas for their spouses as immediate relatives by filing Form I-130 with USCIS. 8 C.F.R. § 204.1(a)(1). If approved, the petition is sent to the State Department's National Visa Center for pre-processing. *See* 8 C.F.R. § 204.2(a)(1)–(3) (outlining in further detail the visa eligibility and processing requirements). After pre-processing, the applicant "shall be required to appear personally before a consular officer for the execution of the application." 22 C.F.R. § 42.62(a).

Based on the application and interview, a consular officer must "issue the visa, refuse the visa under INA 212(a) or 221(g) or other applicable law or, pursuant to an outstanding order under INA 243(d), discontinue granting the visa." 22 C.F.R. § 42.81(a). "A refusal under INA 221(g) is, legally, a refusal on a visa application, even if that refusal is eventually overcome." Dep't. of State, 9 Foreign Affairs Manual ("FAM") 302.1-8(B)(c); *see also Yaghoubnezhad v. Stufft,* 734 F. Supp. 3d 87, 94 (D.D.C. 2024). After such a refusal, a consular officer may elect to place the application in administrative processing so that if new information emerges later, the officer may re-open the applicant's case. *See* 9 FAM § 306.2-2(A)(a).

Here, the parties disagree as to whether consular officers must take further nondiscretionary action after an application is placed in administrative processing, and, if so, which statutes impose that obligation. Plaintiff contends that such a duty arises under

---

[3] In addition to arguing that no clear, nondiscretionary duty exists, the Government moves to dismiss on two alternative grounds: first, that the doctrine of consular nonreviewability precludes judicial review, and second, that any delay to date has not been unreasonable. *See* Gov't's Mot. Because the first ground is sufficient, I need not consider these alternative grounds.

5 U.S.C. § 555(b), 8 U.S.C. § 1202(b), 8 U.S.C. § 1153(a), and "the regulations governing immigrant visa applications," including 22 C.F.R. § 42.21(a). Compl. ¶¶ 35–36. The Government, by contrast, maintains that no such mandatory duty exists because a refusal under INA § 221(g) discharges any further obligation. *See* Gov't's Mot. at 7.

In support of its position, the Government principally relies on *Karimova v. Abate*, an unpublished per curiam opinion from our Circuit.[4] 2024 WL 3517852 (D.C. Cir. July 24, 2024). In *Karimova*, as here, the plaintiff's visa application was "officially refused" during a consular interview and placed in administrative processing. *Id.* at *2. After a year, the plaintiff brought an unreasonable delay claim under the Mandamus Act and the APA, alleging that the consular officer had breached its duty under 5 U.S.C. § 555(b) to conclude the matter within a reasonable time. *Id.* The district court rejected that claim, holding that the refusal itself constituted a final decision. *Id.* at *3. Our Circuit affirmed the district court, holding that § 555(b)'s general directive to agencies does not impose upon consular officers a "crystal-clear legal duty" to act further following a refusal. *Id.* The *Karimova* decision thus squarely forecloses plaintiff's argument in this case that § 555(b) imposes a duty of further action. *See also Pour v. Rubio*, 2025 WL 2374559, at *4 (D.D.C. Aug. 14, 2025).

To distinguish this case from *Karimova*, which only discussed 5 U.S.C. § 555(b), plaintiff here cites to 8 U.S.C. § 1202(b), 8 U.S.C. § 1153(a), and "INA's implementing

---

[4] Plaintiff claims that *Karimova* is "non-binding" and has been "repeatedly and recently rejected." Pl.'s Opp'n at 10, 19. While there is a split in our Circuit regarding the precedential weight of *Karimova*, I do not need decide whether that case is binding. It is sufficient that I find the decision's reasoning persuasive and applicable to the facts at hand.

regulations." Compl. ¶¶ 35–36. Plaintiff contends that these authorities impose a mandatory duty on defendants to adjudicate visa applications within a reasonable time, and that a refusal under § 221(g) does not constitute a final adjudication where the application remains in administrative processing. *See* Pl.'s Opp'n at 20.

Plaintiff's reliance on these additional provisions, however, does not change the outcome. Section 1202(b) of the INA requires that "[a]ll immigrant visa applications shall be reviewed and adjudicated by a consular officer." 8 U.S.C. § 1202(b). However, this requirement does not give plaintiffs the right to compel further consular action after an application has been considered and refused. *See Alnaddaf v. Rubio*, 2026 WL 555314, at *7 (D.D.C. Feb. 27, 2026) ("Section 1202(b) requires only that all applications be 'adjudicated' by a consular officer … '[c]onspicuously absent' from the INA's regulations 'is any requirement that the refusal be 'final' or ineligible for discretionary re-adjudication or 'administrative processing.'") (quoting *Yaghoubnezhad*, 734 F. Supp. 3d at 101).

Plaintiff also looks to 8 U.S.C. § 1153(a) (governing the allotment of family-sponsored immigrant visas), 22 C.F.R. § 42.21(a) (defining who qualifies as an "immediate relative"), and other "federal regulations." Compl. ¶ 35. But these provisions do not impose a mandatory duty for consular officers to act after a refusal under § 221(g). *See Ibrahim v. Spera*, 2024 WL 4103702, at *3 (D.D.C. Sept. 6, 2024) (granting the Government's motion to dismiss under similar facts where plaintiff relied, in part, on 8 U.S.C. § 1153(a)); *Rezvani v. Rubio*, 2025 WL 1293358, at *1 (D.D.C. May 5, 2025) (holding that, under *Karimova's* reasoning, a § 221(g) refusal satisfies any statutory or regulatory requirement that a visa be either issued or refused).

8

## CONCLUSION

Because plaintiff has not identified any duty requiring further action on a visa application following a refusal under INA § 221(g), the complaint fails to state a claim for relief under either the APA or the Mandamus Act. For the foregoing reasons, I will **GRANT** the Government's Motion to Dismiss. An Order consistent with the above accompanies this Memorandum Opinion.

RICHARD J. LEON
United States District Judge